UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH PAGE,<br><br>                              Plaintiff,<br><br>   v.<br><br>SHUMAKER MALLORY, LLP; BENNET YANKOWITZ; CLARISSE YOUNG SHUMAKER; BRETT J. WASSERMAN; LISA HIRAIDE; and ROES 1-10,<br><br>                              Defendants. | Case No. 2:21-cv-02002-KJD-BNW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the Court are Defendants' Motions to Dismiss (ECF #5 & 6). Plaintiff responded in opposition (ECF #10 & 11) and Defendants replied (ECF #12 & 13). Defendants then filed a Motion for Leave to File Supplement to Motion to Dismiss (ECF #14). Plaintiff responded in opposition (ECF #20) and Defendants replied (ECF #21).

    I.      Factual and Procedural Background

Plaintiff Joseph Page ("Page") brought this action against Defendants on November 4, 2011. (ECF #1). The complaint brought seven causes of action: abuse of process, malicious prosecution, three claims of negligence, defamation, and intentional infliction of emotional distress. (ECF #1). The allegations arise from a related action in which Defendants and Page are involved. Defendant Shumaker Mallory, LLP ("Shumaker Mallory") is a law firm that represents the plaintiffs in Rocketfuel Blockchain, Inc. v. Page, 2:21-cv-00103-KJD-EJY ("Related Action"). Rocketfuel Blockchain, Inc. ("RBC") alleged that Page lied about his ownership of certain patents which he gave RBC in exchange for ownership in the company. (ECF #5, at 3). Page filed a motion for sanctions in that action, alleging that Shumaker Mallory filed an insufficient complaint, did not have evidence to support the claims in the complaint, and

requested improper remedies. Id. The Court denied that motion, causing Page to appeal the denial to the Ninth Circuit Court of Appeals. Id. However, the Ninth Circuit dismissed the appeal for want of jurisdiction. Id. at 4. That action is now set for trial.

With that matter still pending, Page filed the complaint in this action, alleging that Defendants "negligently filed an abusive and malicious lawsuit." (ECF #1, at 3). Page alleges that in the Related Action Defendants "swore in more than 54 instances" that Page misrepresented and/or omitted information regarding the patents but had in its possession exculpatory evidence that Page neither misrepresented nor omitted anything. Id. at 3–4. Page asserts that he provided the entire patent prosecution history to B4MC Gold Mines, Inc.'s ("B4MC") attorneys[1] in April 2018. Id. at 4. Page argues that RBC knows that the Related Action against him is improper because they sued their law firm for malpractice when they found out that Page provided all the patent information to the law firm, who then failed to report Page's full disclosures to RBC. Id. Defendants then brought two motions to dismiss, a motion for leave to file supplement to their second motion to dismiss, and a motion for sanctions. (ECF #5, 6, 14, & 19).

II.     Legal Standard

Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint does not require "detailed factual allegations," but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). All "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While the court "must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "When the claims in a complaint have not

---

[1] B4MC is now Rocketfuel Blockchain, Inc., the plaintiff in the related action.

crossed the line from conceivable to plausible, the complaint must be dismissed." Hendon v. Geico Ins. Agency, 377 F.Supp.3d 1194, 1196 (D. Nev. 2019).

### III. Analysis

Defendants argue that Page's entire complaint must be dismissed. Page brought seven causes of action in his complaint. Each is analyzed individually.

#### A. Abuse of Process

"To support an abuse of process claim, a claimant must show '(1) an ulterior purpose by the [party abusing the process] other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding.'" Land Baron Inv. v. Bonnie Springs Family LP, 356 P.3d 511, 519 (Nev. 2015) (quoting LaMantia v. Redisi, 38 P.3d 877, 880 (Nev. 2002)). The claimant "must provide facts, rather than conjecture, showing that the party intended to use the legal process to further an ulterior purpose." Id. The tort of abuse of process "requires a willful act, and the majority of courts have held that merely filing a complaint and proceeding to properly litigate the case does not meet this requirement." Id. at 519–20. Page's complaint does not satisfy these requirements.

Page alleges that Defendants filed the Related Action for an improper purpose; to extort Page and force an early settlement. However, the claimant "must include some allegation of abusive measures taken after the filing of the complaint in order to state a claim." Hampton v. Nustar Mgmt. Fin. Grp., No. 2:05-cv-00824-BES-GWF, 2007 WL 119146, at *3 (D. Nev. Jan. 10, 2007). Page's only allegations of abusive measures taken after filing the complaint are that RBC continued prosecuting the action after learning there was no probable cause and purposely transmitted a proposed settlement agreement not in conformance with earlier agreed terms. At the time of this writing, the Related Action is in trial. Factual questions exist regarding whether RBC's allegations against Page are true and RBC has the right to prosecute its claims through trial. Additionally, the Court does not view the failure of the parties to reach an early settlement agreement as sufficient to satisfy an abuse of process claim. If the terms that Page allegedly agreed to were different than the ones presented on the settlement documents, then Page had the right to refuse the settlement. The alleged discrepancy could have resulted from a

misunderstanding or miscommunication between the parties, especially when communication between attorneys and a *pro se* party are involved. Because Page's allegations do not support an abuse of process claim, the claim must be dismissed.

### B. Malicious Prosecution

"[T]he elements of a malicious prosecution claim are: (1) want of probable cause to initiate the prior criminal proceeding; (2) malice; (3) termination of the prior criminal proceedings; and (4) damage." LaMantia, 38 P.3d at 889–90. "A malicious prosecution claim requires that the defendant initiated, procured the institution of, or actively participated in the continuation of a criminal proceeding against the plaintiff." Id. at 889–90. Page cannot support a malicious prosecution claim. A malicious prosecution claim cannot stem from a civil proceeding. See id. at 880 ("We overrule Dutt to the extent that the opinion suggests that a plaintiff may claim malicious prosecution in the absence of a 'prior *criminal* proceeding.'" (emphasis in original)); see also Ademiluyi v. Phillips, No. 2:14-cv-00507-MMD-CWH, 2015 WL 5146898, at *4 (D. Nev. Sep. 2, 2015) ("Defendant correctly argues that Nevada does not recognize a malicious prosecution claim absent criminal proceedings."). Because there is no prior criminal proceeding, Page's malicious prosecution claim is dismissed.

### C. Negligence

Page brought three causes of action for negligence in his complaint. Each arise from Federal Rule of Civil Procedure 11. Page argues that Defendants negligently violated Rule 11 because the Related Action was brought for an improper purpose, was not warranted by existing law or by a nonfrivolous argument, and lacked evidentiary support; each is a violation of Rule 11. A negligence claim requires that a plaintiff "establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." Klasch v. Walgreen Co., 246 P.3d 1155, 1158 (Nev. 2011).

Page cannot show that Defendants owed him a duty. Defendants represent the plaintiff in the Related Action. Their duty was to their own client, not to Page. The Nevada Supreme Court has made clear that it "does not follow that because an agency relationship has been recognized in the context of client liability for attorney actions that the same notion applies in the context of

attorney liability to an adverse or third party from actions taken in representing a client." Dezzani v. Kern & Associates, Ltd., 412 P.3d 56, 62 (Nev. 2018). It then held that "an attorney providing legal services to a client generally owes no duty to adverse or third parties." Id. Defendants are the attorneys representing the plaintiff in the related action. Page's displeasure with their filings in the related action were properly brought in his motion for sanctions. They are not proper as a separate cause of action in negligence. Because Defendants did not owe a duty to Page, his negligence claims are dismissed.

   D. Defamation

   The complaint brings one cause of action for defamation. A defamation claim requires the plaintiff to "prove four elements: (1) a false and defamatory statement . . .; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." Grand Canyon Skywalk Development, LLC v. Cieslak, No. 2:13-cv-00596-JAD-GWF, 2014 WL 2123255, at *3 (D. Nev. May 21, 2014) (internal quotations omitted). "As a general rule, only assertions of fact, not opinion, can be defamatory." Id. (quoting K-Mart Corp. v. Washington, 866 P.2d 274, 282 (Nev. 1993)). Defendants filed the alleged defamatory statements in a Securities and Exchange Commission ("SEC") form. The SEC form, which was filed on November 16, 2020, states that RBC discovered that the patents were abandoned and brought an action against Page. According to Page, RBC had knowledge of the deficiencies of the patents as early as June 27, 2018, and this defamatory publication, which was publicized by other news agencies, damaged Page's reputation.

   Defendants argue that the SEC form, which was filed more than one month after the Related Action was filed, merely summarizes the litigation to shareholders and is protected by the litigation privilege. "Nevada has long recognized the existence of an absolute privilege for defamatory statements made during the course of judicial and quasi-judicial proceedings." Octaform Sys., Inc. v. Johnston, No. 2:16-cv-02500-APG-VCF, 2018 WL 11304606, at *2 (D. Nev. Mar. 13, 2018) (quoting Jacobs v. Adelson, 325 P.3d 1282, 1285 (Nev. 2014) (en banc)). "For the absolute privilege to apply, (1) a judicial proceeding must be contemplated in good faith and under serious consideration, and (2) the communication must be related to the litigation." Id.

(internal quotations omitted). Regarding the first requirement, the "privilege applies to communications made by either an attorney or a nonattorney that are related to ongoing litigation or future litigation contemplated in good faith." Id. As for the second, the defamatory communications "only need be in some way pertinent to the subject of controversy." Id. (quoting Fink v. Oshins, 49 P.3d 640, 644 (Nev. 2002)). Communications "made to 'someone who is not directly involved with the actual or anticipated judicial proceeding will be covered by the absolute privilege only if the recipient of the communication is significantly interested in the proceeding.'" Id. (quoting Jacobs, 325 P.3d at 1285). Whether the privilege applies is a question of law, which the Court decides. Clark Cnty. School Dist. v. Virtual Educ. Software, Inc., 213 P.3d 496, 502 (Nev. 2009).

The Court finds that the privilege applies and dismisses Page's defamation claim. The SEC form was filed more than one month after the related action was filed. The form, which required the company to disclose its pending legal proceedings, contained a one paragraph summary of the allegations and claims against Page. The judicial proceeding had already begun and the communication was related to the litigation. The summary of the proceeding was directed to shareholders, who would be significantly interested in the proceeding. As such, the absolute privilege applies, and the Court dismisses Page's defamation claim.

E. Intentional Infliction of Emotional Distress

To "prevail on a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must show (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) the plaintiff's having suffered severe or extreme emotional distress; and (3) actual or proximate causation." Kennedy v. UMC University Medical Center, 203 F.Supp.3d 1100, 1110 (D. Nev. 2016). "Extreme and outrageous conduct, as an element of [IIED], is that which is outside all bounds of decency and is regarded as utterly intolerable in a civilized community; persons must necessarily be expected and required to be hardened to occasional acts that are definitely inconsiderate and unkind." Id. (internal quotation marks omitted).

Page's complaint does not contain sufficient factual matter to state a claim to relief that is

1  plausible on its face. Iqbal, 556 U.S. at 678. The IIED claim is supported only by Page's
2  assertion that the filing of the complaint in the related action was extreme and outrageous and
3  has caused him financial and emotional distress. However, "[a]n allegation of improper filing of
4  a lawsuit or the use of legal process against an individual is not redressable by a cause of action
5  for [IIED]." Bennett v. Jones, Waldo, Holbrook & McDonough, 70 P.3d 17, 32 (Utah 2003). The
6  complaint does not support a claim for IIED as the filing of a lawsuit is not extreme and
7  outrageous, even if the parties disagree on the facts. Therefore, the Court dismisses Page's claim
8  for IIED.

9  The Court, having considered the arguments, finds that Defendants' motion to dismiss
10 should be granted. The complaint does not allege sufficient factual matter to support the
11 elements of the claims or state claims that are plausible on their face.

12 Additionally, the Court denies Defendants' special motion to dismiss pursuant to NRS
13 41.660. To prevail on this motion, Defendants must show by a preponderance of the evidence
14 that Page's claim "is based upon a good faith communication in furtherance of the right to
15 petition or the right to free speech in direct connection with an issue of public concern." Nev.
16 Rev. Stat. 41.660(3)(a). The Court finds that Defendants have not made such a showing. Page's
17 complaint attacks the evidential support of the Related Action, not the good faith
18 communication. He argues that the complaint was filed for improper purposes, in violation of
19 Rule 11. The communication that Page alleges was defamatory is not "in furtherance of the right
20 to petition" and is not "in direct connection with an issue of public concern." Id. It is the SEC
21 form that RBC filled out summarizing the Related Action. As such, Defendants' second motion
22 to dismiss pursuant to NRS 41.660 is denied.

23         F.   Motion for Sanctions

24 In addition to the motions to dismiss, Defendants filed a motion for sanctions against
25 Page. (ECF #19). Defendants argue that sanctions are warranted under Federal Rules of Civil
26 Procedure 11(b)(1) and (2). Specifically, Defendants argue that Page filed his complaint as an
27 attempt to obtain a more favorable ruling for his denied motion for sanctions in the Related
28 Action, which is an improper purpose. Additionally, Defendants argue that Page's complaint is

frivolous because its claims are not cognizable.

Under Rule 11, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule." FED. R. CIV. P. 11(c)(1). Such violations include when a filing is "being presented for any improper purpose" or is not "warranted by existing law." Id. at 11(b)(1)–(2). If a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations and citation omitted). The Court "must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable." Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (quoting Harris v. Heinrich, 919 F.2d 1515, 1516 (11th Cir. 1990)). Rule 11 is an "extraordinary remedy, one to be exercised with extreme caution." Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).

While the Court agrees that Page's complaint should be dismissed, it does not find that sanctions are warranted. Page filed the complaint after being informed by the Court that his motion for sanctions was not the proper vehicle for his arguments. The Court indicated that a motion to dismiss or motion for summary judgment would be more appropriate. Page then filed the complaint, which was transferred to this Court. The Court takes Page's *pro se* status into consideration in finding that Page was using a different vehicle to make his arguments. The causes of action in the complaint are supported by his assertions of fact. Page's misunderstanding of the system does not make his filing frivolous and dismissing a *pro se* complaint does not automatically make the complaint baseless. The complaint does not yet rise to the extraordinary remedy of sanctions.

However, while sanctions are not warranted, the Court warns Page that bringing an action against his opposing party's legal counsel is not something to take lightly. Any future filings that are frivolous or viewed as an attempt to harass, cause unnecessary delay, or needlessly increase the cost of litigation will not receive the same leeway granted today.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF #5) is **GRANTED**.

IT IS FURTHER ORDERED that Defendants' Special Motion to Dismiss (ECF #6) is **DENIED**.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File Supplement to Motion to Dismiss (ECF #14) is **DENIED**.

IT IS FURTHER ORDERED that Defendants' Motion for Sanctions (ECF #19) is **DENIED**.

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

IT IS FINALLY ORDERED that the hearing set for June 14, 2022 is **VACATED**.

Dated this 6th day of June, 2022.

_____
Kent J. Dawson
United States District Judge